IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MIGUEL MOLINA | : | CIVIL ACTION |
| v. | : | |
| WILLIAM HUNTER, et al. | : | NO. 13-2497 |

## MEMORANDUM

C. DARNELL JONES, II, J.                                MAY 13, 2013

Miguel Molina, a prisoner incarcerated at the State Correctional Institution at Forest, brings this pro se civil action against three officers of the Philadelphia Police Department based on his arrest and prosecution for murder and other charges. He seeks to proceed in forma pauperis. For the following reasons, the Court will grant plaintiff leave to proceed in forma pauperis and dismiss his complaint.

## I. FACTS

Plaintiff alleges that he was driving a car on November 18, 2008, when Officer William Hunter pulled him over, pointed a gun at his head, ordered him to turn off the car, and threatened him with death if he did not comply. Officer Rafael Cordero then "snatched" plaintiff from the car, slammed him on the ground, and arrested him. He was brought to the police station where he was interrogated, "threatened, denied requests for counsel[,] and not permitted to use the rest-room." On the same date, Officers Hunter and Cordero charged plaintiff with conspiracy and possession of narcotics with the intent to deliver. See MC-51-CR-0057166-2008. Plaintiff's car was searched, but the search

1

did not yield any narcotics. On November 18th and 19th of 2008, Plaintiff was charged in three separate proceedings with two counts of murder, solicitation to commit murder, and related offenses. See MC-51-CR-0057165-2008; MC-51-CR-0057171-2008; MC-51-CR-0057172-2008. He alleges that the charges were based on insufficient and/or fabricated evidence.

A preliminary hearing was held in plaintiff's criminal cases on September 22, 2009. Plaintiff alleges that, at the hearing, Detective Jack Cummings admitted to fabricating evidence against him. Plaintiff also alleges that Detective Cummings lied under oath. According to publicly available dockets for the underlying criminal cases, the proceeding involving the drug-related charges was dismissed on the date of the preliminary hearing. The murder-related charges were held for Court, with the exception of one charge that was dismissed, and remain pending in the Philadelphia Court of Common Pleas. See CP-51-CR-0012019-2009; CP-51-0012022-2009; CP-51-CR-0012025-2009. A trial has been set for October 7, 2013.

In this action, plaintiff brings claims against Officers Hunter and Cordero, and Detective Cummings, pursuant to 42 U.S.C. § 1983, for false arrest, false imprisonment, and malicious prosecution. Liberally construing the complaint, he may also be attempting to assert constitutional claims based on the search of his car, the police officers' interrogation of him, and the use of excessive force in connection with his arrest. The complaint also purports to assert claims pursuant to 42 U.S.C. §§ 1985 &

2

1986, and alleges that the defendants violated a several criminal laws.

## II. STANDARD OF REVIEW

Plaintiff is granted leave to proceed in forma pauperis because he has satisfied the criteria set forth in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the Court to dismiss the complaint if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), see Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). If an affirmative defense is obvious from the face of the complaint, the Court may dismiss any facially invalid claims sua sponte. See Ray v. Kertes, 285 F.3d 287, 297 (3d Cir. 2002). Furthermore, the Court may consider matters of public record in determining whether to dismiss a complaint. Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2007); see also See Staehr v. Hartford Fin. Servs. Grp., Inc., 547 F.3d 406, 425 (2d Cir. 2008). As plaintiff is proceeding pro se, the Court must construe his allegations liberally. Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

A two-year statute of limitations governs § 1983 claims arising in Pennsylvania. See Wallace v. Kato, 549 U.S. 384, 387-88 (2007); see also 42 Pa. Cons. Stat. § 5524. Plaintiff's § 1983 claims related to his arrest, any excessive force used in connection with his arrest, his interrogation, and the search of his car accrued on November 18, 2008, when the arrest, search, and interrogation occurred. See Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998); see also Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010) (a plaintiff's claims accrue when he "has a complete and present cause of action, that is, when [he] can file suit and obtain relief") (quotations omitted). His false imprisonment claim accrued by November 20, 2008, when the publicly available docket reflects that plaintiff was arraigned in the Philadelphia Municipal Court. See Wallace, 549 U.S. at 389 ("[A] false imprisonment ends once the victim becomes held pursuant to [legal] process – when, for example, he is bound over by a magistrate or arraigned on charges.") (emphasis omitted); see also MC-51-CR-0057165-2008; MC-51-CR-0057166-2008; MC-51-CR-0057171-2008; MC-51-CR-0057172-2008. However, plaintiff did not file this action until April 26, 2013 at the earliest, approximately four-and-a-half years later.[1]

---

[1] Pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he hands it over to prison authorities for forwarding to the Court. See Houston v. Lack, 487 U.S. 266, 276 (1988). Thus, the handwritten date on plaintiff's complaint, April 26, 2013, is the earliest possible date of filing.

4

Accordingly, those claims are time-barred.

Plaintiff's §§ 1985 and 1986 claims are also time-barred. A two-year statute of limitations governs plaintiff's § 1985 claims, while a one-year statute of limitations governs his § 1986 claims. See 42 U.S.C. § 1986 ("[N]o action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued."); Bougher v. Univ. of Pittsburgh, 882 F.2d 74, 79-80 (3d Cir. 1989)(a two-year statute of limitations governs § 1985 claims arising in Pennsylvania). "The statute of limitations[ for a § 1985 claim] . . . runs from the date of each overt act causing damage to plaintiff." Bougher, 882 F.2d at 80. Plaintiff's §§ 1985 and 1986 claims are predicated on conduct, of which plaintiff was or should have been aware at the time it occurred, that took place between November 18, 2008 and September 22, 2009. Accordingly, those claims are time-barred because plaintiff did not file this lawsuit until 2013.[2] See Ali v.

---

[2] In any event, the complaint does not state a claim under § 1985 because it fails to allege facts sufficient to support a plausible conspiracy, or suggest that any of the defendants acted out of racial or class-based discriminatory animus. See Muhammad v. Cappellini, 477 F. App'x 935, 938 (3d Cir. 2012) (per curiam) ("[T]o state a claim under either § 1985(2) or § 1985(3), [plaintiff] was required to plead that an actual agreement existed among the parties."); Farber v. City of Paterson, 440 F.3d 131, 135 (3d Cir. 2006) ("[A] § 1985(3) claimant must allege some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action in order to state a § 1985(3) claim.") (quotations omitted). Plaintiff's related claims under § 1986 fail because liability under that statute is predicated on a preexisting § 1985 violation. See Clark v. Clabaugh, 20 F.3d 1290, 1295 (3d Cir. 1994).

5

Amoroso, No. 12-3210, 2013 WL 828935, at **2-3 (3d Cir. Mar. 7, 2013) (per curiam); Humphries v. Houghton, 442 F. App'x 626, 628 & n.2 (3d Cir. 2011) (per curiam).

Plaintiff's malicious prosecution claims also fail. To state a claim for malicious prosecution under § 1983, a plaintiff must allege, among other things, that the criminal proceeding ended in his favor. See Kossler v. Crisanti, 564 F.3d 181, 186-87 (3d Cir. 2009) (en banc). As three criminal proceedings are still pending against plaintiff, he cannot establish that those proceedings terminated in his favor. Id. at 188 ("[U]pon examination of the entire criminal proceeding, the judgment must indicate the plaintiff's innocence of the alleged misconduct underlying the offenses charged."). Although the criminal proceeding related to the drug charges against plaintiff were dismissed after a preliminary hearing on September 22, 2009, any malicious prosecution claims related to that proceeding are time-barred. Those claims accrued on September 22, 2009 - the date that the proceeding terminated in plaintiff's favor, see Rose v. Bartle, 871 F.2d 331, 349 (3d Cir. 1989) - but he filed this lawsuit after the two-year limitations period expired. Finally, to the extent that plaintiff sought to bring claims based on criminal statutes, he has not stated a claim. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (observing that a "private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

A district court should ordinarily provide a pro se

6

plaintiff leave to file an amended complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Here, amendment would be futile because it is apparent that the majority of plaintiff's claims are time-barred, and that, to the extent his malicious prosecution claims are not time-barred, he cannot state a claim at this time.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's complaint is dismissed. An appropriate order follows.